HARRIS, J.
The issue in this case is whether a landowner may receive compensation in the form of severance damages because of the uncertainty of future governmental action. At least under the facts of this case, we agree with the trial court that the landowner may not.
The County took 2.545 acres from a 512 acre tract to improve the intersection of Chase Road and County Road 535 in Orange County. The taking included a triangular tract not utilized for the intersection improvement but planned for future correction of a sharp curve in County Road 535. The broad portion of the triangle abutted the landowner’s untaken property and would accommodate several alternative remedies to the road’s curve. It is not this triangular taking itself, but the future route of the correction to County Road 535 that causes the uncertainty which the landowner claims has diminished the value of the remainder of his property by over $3,000,000.
The landowner claims that because it is possible that a future route might severely impact his planned use of the property, a prospective purchaser will not pay top dollar for it. The landowner admits that it is possible that the County’s future improvement might be of no consequence to his plans but this very uncertainty deseryes compensation. We disagree.
Everyone is at the mercy of future governmental planning. But this uncertainty, at least as reflected by this case, is not compensable. The landowner (or those purchasing from the landowner) should develop his property as he sees fit. If the future actions of the County improperly *454 impact his development (such as tearing down an elaborate entranceway into the development or taking all or a portion of his expensive lots), then is the time for compensation. Mere uncertainty about what the County might do in the future is not compensable.
We find that Florida Power & Light Co. v. Jennings, 518 So.2d 895 (Fla.1987), is distinguishable. In Jennings, the condemnation was for a high voltage transmission line across the owner’s property. There was considerable argument on both sides as to whether living in the proximity of such a line might cause cancer. The supreme court permitted the diminution in value of the remainder caused by the fear of the effect of a known and imminent improvement to be considered by the jury[1]. We doubt the ruling would have been the same had the landowner merely speculated that a high transmission line might be built across its property sometime in the future.
AFFIRMED.
W. SHARP, J., and ORFINGER, M., Senior Judge, concur.

. We also see a distinction between a fear that one’s life may be endangered (future compensation might be a hollow remedy) and the mere possibility that one's development plans would be affected (future compensation would be a full recovery).